[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this Second Amended petition for a writ of habeas corpus alleging that his criminal trial attorney was Christopher Cosgrove and his plea was illegal in that there was prosecutorial misconduct in that at the hearing in probable cause the State had exculpatory evidence which it failed to disclose and in a second count that the petitioner is actually innocent.
The petitioner's arrest arose from an incident which occurred on September 28, 1990 about 7:15 p. m. in the yard at Connecticut Correctional Institute, Enfield, when a group of inmates attacked another inmate resulting in his death. Probable cause was found as to the petitioner. See Petitioner's Exhibit 2.
The petitioner has called Capt. Rodriguez, Attorney Cosgrove and himself as fact witnesses.
Rodriguez testified that he observed Luis Rivera came in with a wound, the first indication of a disturbance in the yard. An investigation followed. All the inmates returned to their units but for fifteen (15) Latin Kings who were afraid of retaliation and remained near D dorm. He saw the petitioner among this group.
Cosgrove testified that he represented the petitioner when he CT Page 1610 was one of nine arrested for the murder and/or conspiracy to commit murder of Luis Rivera. The petitioner and two (2) others had a hearing in probable cause on July 18, 1991. SeePetitioner's Exhibit 2. After a one day hearing the court found probable cause on the charge of murder on two of the three. In the case of the petitioner the court held that Lenwood Saunders identified the petitioner as holding the victim while others pummeled and stabbed the victim.
Cosgrove during the hearing obtained a copy of Saunders' statement Petitioner's Exhibit 8 which the state's attorney said was not exculpatory but was made available because Saunder's present testimony contains some inconsistencies with the statement. He refused to make available a photograph described by Saunders as taken earlier in the day containing 9 or 10 persons from which he identified the persons he identified to the State Police as involved in the attack on the victim which included the petitioner. Petitioner's Exhibit 2. After the hearing, Cosgrove subpoenaed a copy of the group photograph from the Department of Corrections and confirmed that the petitioner was not included in the photograph. Petitioner's Exhibit 10. On the basis of the photograph, he filed a motion to dismiss. Petitioner's Exhibit 9.
After the denial of the motion to dismiss and an order for a new hearing in probable cause, the State filed a substituted information with four (4) class B felonies effectively removing the petitioner from the need of a hearing in probable cause. Cosgrove ordered and obtained a certified copy of the transcript of the modification of Saunder's sentence dated 10/31/91 to time served. Petitioner's Exhibit 11. As of 2/25/92, although the state's attorney said that there were items being tested forensically, none were reported in the petitioner's case.Petitioner's Exhibit 12. There was an open offer to plea to conspiracy to commit assault for an eight (8) year consecutive sentence. By the latter part of 1992 most had pleaded guilty. Cosgrove discussed the case with petitioner. The petitioner wanted to get rid of it and decided not to proceed to trial and took a plea.
Petitioner testified when he heard the commotion he went to check on the welfare of his buddy. He didn't know anyone was assaulted. He was approached by a kid who was afraid to go back to his unit. Lt. Wimbish told them to go by the picnic table. When Wimbish returned he and the kid were at the table while another thirteen (13) were on the grass. CT Page 1611
The petitioner claims in the first count that his plea was illegal in that the State failed to disclose exculpatory evidence during the hearing in probable cause. Because the State failed to disclose the photograph which did not include the petitioner as claimed by the principal State's witness, Saunders, the sanction is that the petitioner would be entitled to a new hearing in probable cause. State v. White, 229 Conn. 125, 139. This the court ordered. The appropriate standard to apply is whether the disclosure came so late as to prevent the petitioner from receiving a fair trial. Id. 138. Cosgrove testified, not only was he prepared to use the photograph to impeach but also obtained Saunder's reward for his testimony, a transcript of the modification of his sentence by the same judge and prosecutor as at the probable cause hearing. Because the state then filed a substituted information of charges not requiring a hearing in probable cause, Cosgrove had no opportunity to use his impeaching evidence until trial. However the petitioner's plea of guilty constituted a waiver of all defects in the prosecution except those involving the canvas of plea and the court's subject matter jurisdiction. State v. Reddick, 224 Conn. 445, 451.
 II.
In the Second Count the petitioner claims actual innocence. The standard the petitioner must meet is twofold. "First, the petitioner must establish by clear and convincing evidence that, taking into account all of the evidence — both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial — he is actually innocent of the crime of which he stands convicted. Second, the petitioner must also establish that, after considering all of that evidence and the inferences drawn therefrom, no reasonable fact finder would find the petitioner guilty of the crime." Miller v. Commissionerof Correction, 242 Conn. 745, 747. "A writ of habeas corpus cannot issue unless the petitioner first demonstrate that the evidence put forth in support of his claims of actual innocence is newly discovered." Williams v. Commissioner of Correction,41 Conn. App. 527, 530; Clarke v. Commissioner of Correction,43 Conn. App. 374, 379, cert. granted 249 Conn. 350. The Supreme Court "did not decide whether a habeas petitioner's claim of actual innocence must be based on new evidence, and therefore, it should be regarded as an open question in our habeas jurisprudence." Id. 358. Obviously but for the petitioner's guilty plea the evidence presented at the habeas hearing which was not newly discovered, could have been presented at the CT Page 1612 criminal proceedings. Although Saunders' testimony presented at the hearing in probable cause was seriously impeached by the absence of the petitioner from the photograph so much as to cause an order for a new hearing and would be further impeached by the transcript of his sentence modification, it still remains evidence to consider along, with the petitioner's plea. So even on the merits, the petitioner fails to meet the proper standard for evaluating a freestanding claim of actual innocence. Id. 355.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee